IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER MAKUSI OTEMBA OWUOR,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 2:09-CV-1098-ID |
| ) | [WO] |
| ) | |
| MONTGOMERY MUNICIPAL JAIL, et al.,   ) | |
| ) | |
| Defendants.   ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

In this 42 U.S.C. § 1983 action, Peter Makusi Otemba Owuor ["Owuor"], an inmate presently confined in the Elmore County Jail, challenges the constitutionality of the conditions of confinement and actions taken against him during his previous incarceration at the Montgomery Municipal Jail.

Upon review of the complaint, the court concludes that dismissal of the Montgomery Municipal Jail as a defendant in this cause of action is appropriate pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

## DISCUSSION

A city jail is not a legal entity subject to suit or liability under section 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court

---

[1] The court granted Owuor leave to proceed *in forma pauperis*. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

concludes that the plaintiff's claims against the Montgomery Municipal Jail are due to be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *Id.*

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims against the Montgomery Municipal Jail be dismissed with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. This case, with respect to the plaintiff's claims against the remaining defendants regarding the conditions of confinement and actions taken against him during his confinement in the Montgomery Municipal Jail, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before December 23, 2009 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the

District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 9th day of December, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE