IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PETER MAKUSI OTEMBA OWUOR,      )
                                )
        Plaintiff,              )
                                )
    v.                          )       CASE NO. 2:09-cv-1098-CSC
                                )                (WO)
                                )
J.C. WELCH, *et al.*,           )
                                )
        Defendants.             )

## MEMORANDUM OPINION and ORDER

## I. INTRODUCTION

In this 42 U.S.C. § 1983 action, pro se plaintiff Peter Makusi Otemba Owuor ("Owuor"), a pretrial detainee, complains about actions taken against him during his incarceration at the Montgomery Municipal Jail.  In this complaint, Owuor alleges that correctional officials violated his constitutional rights by (1) opening and reading his legal mail; (2) denying him access to the courts; and (3) by placing him in cells where he would be attacked by other inmates.  (Doc. # 1 at 2-3).  Owuor names as defendants correctional officers J.C. Welch, Annie Bibb, and Kathleen Abner.  In his amended complaint, he names the City of Montgomery and former Montgomery Mayor Bobby Bright as defendants.  (Doc. # 9).  Owuor seeks monetary damages and injunctive relief.

In accordance with the orders of the court, the defendants filed an answer and special report, and supporting evidentiary material in response to the allegations contained in the complaint and amended complaint.  The court then informed the plaintiff that the defendants'

special report  may, at any time, be treated as a motion for summary judgment, and the court

explained to the plaintiff the proper manner in which to respond to a motion for summary

judgment. The plaintiff filed a response to the special report filed by the defendants.  (Doc.

# 33 & 34).

Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented

to a United States Magistrate Judge conducting all proceedings in this case and ordering the

entry of final judgment.  This case is now pending before the court on the defendants' motion

for summary judgment.  Upon consideration of the motion, the plaintiff's response to the

motion, and the evidentiary materials filed in support and in opposition to the motion, the

court concludes that the defendants' motion for summary judgment is due to be granted.

## I.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show there is no

genuine [dispute][1] as to any material fact and that the moving party is entitled to judgment

as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th

Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(a) ("The court shall grant

summary judgment if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law.").  The party moving for

---

[1]  Effective December 1, 2010, the language of Rule 56(a) was amended.  The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(c) ("A party asserting that a fact cannot be or is genuinely disputed must be support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to

return a verdict in its favor.  *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts

> must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to the latter, our inferences must accord deference to the views of prison authorities.  Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006) (internal citation omitted).  Consequently, to survive the defendants' properly supported motion for summary judgment, Owuor is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims of constitutional violations.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted."  *Id*. at 249-250.  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party.  *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson, supra.*  Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment.  *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary

4

judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome

5

of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact); *Waddell*, 276 F.3d at 1279 (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Owuor fails to

demonstrate a requisite genuine dispute of material fact in order to preclude summary judgment. *Matsushita*, *supra*.

## II. FACTS

On May 23, 2008, plaintiff Peter Otemba Owuor was booked into the Montgomery Municipal Jail on eight outstanding capias warrants. At that time, Immigration and Customs Enforcement ("ICE") agents employed by the U.S. Department of Homeland Security were checking other detainees into the jail. The agents began interrogating Owuor. Eventually, an altercation between the agents and Owuor ensued, and Owuor suffered injuries to his shoulder and his finger.[2]

On June 23, 2008, Owuor was housed in Four Cell. On that day, officer Knight opened the inner doors of the cell block to permit the inmates to shower. Officer Knight then left the area and returned approximately 4 minutes later. When he returned, several inmates had entered Owuor's cell while he was sleeping and attacked him.[3] Owuor was transported to Jackson Hospital complaining of pain in his finger which had been previously injured.

Owuor was returned to the jail after treatment, and completed his sentence. Upon

---

[2] Owuor's altercation with the agents is the subject of another lawsuit pending in this court, and is not relevant to Owuor's claims in this action.

[3] At this stage of the proceedings, this court takes the facts alleged by Owuor as true and construes them in the light most favorable to him. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party," ... and 'resolve all reasonable doubts about the facts in favor of the non-movant.' ... Moreover, the court must avoid weighing conflicting evidence or making credibility determinations...."). The court makes no factual findings, and the actual facts may be different than those stated here.

completion of the service of his time on the capias warrants, Owuor was transferred into federal inmate custody status on July 16, 2008.[4]  Owuor remained in custody in the Montgomery Municipal Jail but as a federal pretrial detainee.

On March 23, 2009, defendant Bibb discovered a piece of Owuor's mail from his attorney Julian McPhillips which had been opened before being delivered to Owuor.  Owuor signed for the mail, indicating on the official log book that the mail was opened outside his presence.  Owuor also wrote to the Warden of the jail complaining that his mail was opened on March 20 and March 23, 2009.

On June 26, 2009, Owuor was convicted of the federal immigration charges.

### III.  DISCUSSION

**A.**     **Former Mayor Bright.**  In his amended complaint, the plaintiff names former Mayor Bobby Bright as a defendant in this action without specifying his claims against defendant Bright.  The law is well settled that a defendant cannot be held liable in an action brought pursuant to 42 U.S.C. § 1983 under the theory of respondeat superior or on the basis of vicarious liability.  *Gray v. Bostic*, 458 F.3d 1295, 1308 (11th Cir. 2006);  *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994); *Brown*, 906 F.2d at 671; *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986).  The language of 42 U.S.C. § 1983 requires proof of an affirmative causal connection between the actions taken by a defendant and the alleged

---

[4] On July 15, 2008, a criminal complaint was filed against Owuor in the United States District Court for the Middle District of Alabama charging Owuor with impersonating a United States citizen, in violation of 18 U.S.C. § 911.  *See United States v. Owuor*, 2:08cr149-WKW-TFM (M.D. Ala. 2010).

constitutional deprivation.  *Zatler*, *supra*.

Although supervisory officials cannot be held liable under § 1983 for the unconstitutional actions of their subordinates based on respondeat superior liability, *Gray*, *supra*, supervisors can be held liable for subordinates' constitutional violations on the basis of supervisory liability under 42 U.S.C. § 1983.  *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003).  Supervisory liability under § 1983 occurs "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Id.*  A causal connection may be established when: (1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so; (2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.  *Mathews v. Crosby,* 480 F.3d 1265, 1270 (11th Cir. 2007); *Cottone*, 326 F.3d at 1360.  Deprivations that constitute wide spread abuse sufficient to constitute notice to the supervising official must be "obvious, flagrant, rampant and of continued duration rather than isolated occurrences."  *Brown*, 906 F.2d at 671.

Owuor does not allege that Mayor Bright personally participated in the actions about which he complains, and his complaint is devoid of any specific allegations against defendant Bright.  Additionally, Owuor fails to present any facts which indicate a causal relationship

between an action undertaken or policy enacted by Bright and any alleged constitutional deprivation.  A supervisory official "may be liable only for implementing a policy that is 'itself [ ] a repudiation of constitutional rights' and 'the moving force of the constitutional violation.' *Grandstaff v. City of Borger*, 767 F.2d 161, 170 (5th Cir. 1985)." *Oliver v. Scott*, 276 F.3d 736 (5th Cir. 200).  Owuor has failed to present any evidence indicating that there is a history of widespread abuse which placed Bright on notice of a need to stop an alleged deprivation, that Bright enacted or was aware of any customs or policies that resulted in deliberate indifference to Owuor's constitutional rights, or that Bright directed subordinates to act unlawfully or failed to stop them from doing so.  Moreover, it is clear that Bright was not in any way involved with the actions about which Owuor complains and that Bright is being sued solely based on his administrative position as the former Mayor of Montgomery.  Thus,  the claims against former Mayor Bright lacks an arguable basis in law, and defendant Bright's motion for summary judgment should be granted.

**B. City of Montgomery**.   In his amended complaint, the plaintiff names also names the City of Montgomery as a defendant in this action without specifying his claims against the City.  "The Supreme Court has placed strict limitations on municipal liability under §1983." *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).  Municipalities are usually not liable for the acts of their agents; however, a municipality may incur liability for the actions of a police officer when it promulgates an "official policy" that causes a constitutional violation. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-94 (1978). To

be successful on a claim against a municipality under § 1983, "a plaintiff must show: (1) that his constitutional rights were violated; (2) that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). Although Owuor amended his complaint to add the City of Montgomery as a defendant, he makes no allegations that a custom or policy of the City caused the violation of his constitutional rights. Courts in this district have repeatedly required more than a bare bones, passing reference to a policy or custom to state a claim against a municipality. *See, e.g.*, *Johnson v. Andalusia Police Dep't*, 633 F. Supp. 2d 1289, 1301-02 (M.D. Ala. 2009); *Manning v. Mason*, 2011 WL 1832539, at *4 (M.D. Ala. May 13, 2011) (dismissing claim where plaintiffs failed to identify a specific policy or custom); *Lowe v. Montgomery City, Ala.*, 2007 WL 1186596 (M.D. Ala. 2007) (vague and conclusory allegations are insufficient to support a claim under § 1983); *Walters v. City of Andalusia*, 89 F.Supp.2d 1266, 1277 (M.D. Ala. 2000) (single incident insufficient to demonstrate "longstanding and widespread practice"). In this case, Owuor makes no reference to a custom or policy of the City of Montgomery. Consequently, the court concludes that Owuor has failed to demonstrate that there exists a genuine dispute regarding any policy or custom related to the City of Montgomery, and thus, the City is entitled to judgment as a matter of law on his claims against it.

**C. Legal Access Claims**. Owuor asserts that his constitutional rights were violated

11

when "[b]etween March 13th 2009 and July 17th, 2009, on numerous occasions, my legal mail was being open (sic) (and delivered to me open) by jail officers Ms. Bibb and Ms. Abner in my absence. . . ." (Doc. # 1 at 3).  The evidentiary materials demonstrate that according to the official mail log, on March 23, 2009, a piece of mail from the law office of Attorney Julian McPhillips was already opened when it was delivered to Owuor.  (Doc. # 24, Ex. 5). Owuor also complains that another piece of mail was delivered opened on March 20, 2009. In her affidavit, defendant Abner asserts that she was not responsible for processing the mail; instead, she simply delivered it.  In response, Owuor asserts that this fact is "disputed."[5] However, Owuor has come forward with no evidence to demonstrate that defendant Abner opened his mail. Consequently, defendant Abner's motion for summary judgment is due to be granted.

Defendant Bibb, on the other hand, acknowledged that she was responsible for separating and opening the mail.  (Doc. # 24, Ex. E).  In her affidavit, Bibb explained that Owuor's family members would send mail in a regular envelope with "important legal papers" written on the outside of the envelope.  (Doc. # 24, Ex. E).  She stated that "[s]ince the envelope did not reflect the sender as an attorney, law office, court or legal entity, this piece of mail labeled important legal papers was check (sic) and processed as regular mail."

---

[5] Owuor makes numerous conclusory allegations without presenting *any specific facts* to substantiate his allegations.  For example, Owuor alleges that his mail was opened "constantly," but he only points to two incidents, March 20, 2009 and March 23, 2009, as dates on which his mail was delivered already opened. Owuor claims to have "many more envelopes," but he does not present *any evidence* to the court.  He relies on his conclusory allegations which is simply insufficient to defeat summary judgment.

(*Id*).  Interference with legal mail implicates an inmate's rights of access to the courts and free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution.  Thus, the court will discuss whether Owuor has demonstrated genuine issues of material fact with respect to his access-to-court and free speech claims.

1.  *Access to Courts*.  The law is well settled that prisoners are entitled to "a reasonably adequate opportunity" to present claims of constitutional violations to the courts. *Bounds v. Smith*, 430 U.S. 817, 825 (1977).  In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court expounded on the decision in *Bounds* and required that an inmate demonstrate the existence of an "actual injury" affecting his effort to pursue a nonfrivolous legal claim to demonstrate a denial of access to the courts.  Moreover, *Lewis* emphasized that a *Bounds* violation is related to an inmate's lack of capability to present claims.  "*Bounds*, which as we have said guarantees no particular methodology but rather the conferral of a capability -- the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts.  When an inmate . . . shows that an actionable claim of this nature which he desired to bring has been lost or rejected, or that the presentation of such a claim is currently being prevented, because the capability of filing suit has not been provided, he demonstrates" the requisite injury.  *Lewis*, 518 U.S. at 356.

Owuor has failed to come forward with any evidence that the actions of the defendants deprived him of the ***capability*** of pursing his claims in this federal civil action or in any way hindered his efforts to pursue his claims before this court or any other court; rather, Owuor

has demonstrated that he is proficient at presenting and arguing the claims of his choice to this court.[6]  Owuor has presented no admissible evidence that the actions about which he complain in any way improperly impeded his efforts to pursue nonfrivolous legal claims and, therefore, Owuor has failed to establish the requisite injury.[7]  *Lewis*, 518 U.S. at 356.

To the extent that Owuor complains that he was denied access to the courts because he was not afforded adequate access to a law library and/or law books, and his legal papers were subjected to numerous searches[8], he is entitled to no relief.  Although Owuor argues that the failure of the Montgomery Municipal jail to have a law library or law books impeded his ability to prosecute  two separate civil actions, he does not specifically identity either action.  Moreover, Owuor concedes that he was able to file one federal tort claim which was subsequently denied.  (Doc. # 33 at 21).  Beyond his conclusory statements regarding these actions, Owuor presents the court with *no evidence* that the lack of a law library in any way

---

[6]  In his grievance, Owuor frames this issue as follows:

> Correct me if I am wrong, but I believe as a detainee facing serious federal charges and awaiting trial, I have an inherent right to a law library, type writter (sic) and a photo copy machine.

Owuor is mistaken about the depth and scope of his access-to-courts rights.

[7]  Owuor argues that the defendants' actions of opening his mail were designed to impede his preparation for his federal criminal trial.  Throughout the criminal proceedings, Owuor was represented by counsel.  Beyond his conclusory assertions that his trial preparation was somehow affected, Owuor has failed to demonstrate that he suffered any prejudice as the result of the defendants' opening of his legal mail.

[8]  To the extent that Owuor is attempting to assert a Fourth Amendment claim related to Welch's searches of his cell, he is entitled to no relief.  "[T]he Supreme Court has held that "[p]risoners have no Fourth Amendment rights against searches of their prison cells. . . ."  *Lee v. Hudson*, 346 Fed. Appx. 381, (11th Cir. 2009) *quoting Padgett v. Donald*, 401 F.3d 1273, 1278 (11th Cir. 2005) (citing *Hudson v. Palmer*, 468 U.S. 517, 525-26 (1984)).

14

improperly impeded or adversely affected his efforts to pursue nonfrivolous legal claims.

Specifically, Owuor presents nothing to this court which demonstrates that the disposition

of his civil actions relates to any conduct of the defendants or his inability to adequately

access the Montgomery Municipal Jail's law books such that he experienced adverse

consequences or an *actual* injury from the alleged deprivation as such is contemplated in

*Lewis*. *Lewis*, 518 U.S. at 349.

> Inmates are not, however, guaranteed "the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," but are only assured "[t]he tools . . . need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 2181-82, 135 L.Ed.2d 606 (1996); *see also Wilson* [*v. Blankenship*], 163 F.3d [1284], 1290 [(11th Cir. 1998)].  "The limited types of legal claims protected by the access-to-courts right [are] nonfrivolous appeals from a conviction, habeas petitions, or civil rights suits."  *Al-Amin v. Smith*, 511 F.3d 1317, 1332 (11th Cir.), *cert. denied* — U.S. —, 129 S.Ct. 104, 172 L.Ed.2d 33 (2008).
>
> A constitutional prerequisite to a claim of denial of access to the courts is that the complainant must have suffered an "actual injury."  *Al-Amin*, 511 F.3d at 1332.  In order to show actual injury, a plaintiff must show "deterrence, such as a denial or dismissal of a direct appeal, habeas petition, or civil rights case that results from actions of prison officials."  *Id*. (internal quotes and citations omitted).

*Hall v. Sec'y for the Dep't of Corrections*, 304 Fed. Appx. 848, 849-50 (11th Cir. 2008)

(alterations in original).  *See also Al-Amin v. Smith*, 511 F.3d 1317, 1333 (11th Cir. 2008)

(conclusory allegations of harm insufficient to establish requisite actual injury)

15

With regard to Owuor's contention that he was unable to assist defense counsel in trial preparations, the court finds that preparation for a criminal trial  is the responsibility of Owuor's attorney regardless of any additional legal work in which Owuor wished to engage. While Owuor may have desired to take a more active role in his criminal proceedings, this is insufficient to demonstrate a lack of access to the courts.  The plaintiff has presented only conclusory allegations and has failed to show any shortcomings at the Montgomery Municipal Jail which actually hindered his efforts to pursue any nonfrivolous legal claims The plaintiff has failed to show any requisite injury.  *Id.*  In the absence of any indication of ultimate prejudice or disadvantage, and because Owuor's allegations fail to articulate any "actual injury" accruing to him based on his contention that he has been denied access to the courts, the defendants are entitled to summary judgment on this claim.  *See Chandler v. Baird*, 926 F.2d 1057 (11th Cir. 1991).

2.  *Free Speech*.  An isolated incident of mail opening is insufficient to establish a constitutional violation. *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003) (allegation of two incidents of mail interference did not warrant relief where plaintiff failed to allege invidious intent or actual harm); *Florence v. Booker*, 23 Fed. Appx. 970, 972-973 (10th Cir. 2001) ("single incident in which prison officials allegedly improperly opened legal mail" did not justify relief where plaintiff failed to "show either an improper motivation by defendants or denial of access to the courts"); *Berger v. White*, 12 Fed. Appx. 768, 771 (10th Cir. 2001) ("isolated incidents of opening constitutionally protected legal mail, 'without any evidence

of improper motive or resulting interference with [plaintiff's] right to counsel or to access to the courts,' do not support a civil rights claim.  *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990)"); *Gardner v. Howard,* 109 F.3d 427, 431 (8th Cir. 1997) (isolated incident of inadvertent opening of inmate's incoming legal mail, without evidence of improper motive or resulting interference with inmate's right to counsel or access to courts, does not rise to level of constitutional violation); *Stevenson v. Koskey,* 877 F.2d 1435, 1441 (9th Cir. 1989) (inadvertent opening of an inmate's legal mail, while not to be condoned, constitutes mere negligence and does not rise to the level of a constitutional rights violation cognizable under 42 U.S.C. § 1983).

Beyond his conclusory allegations that his mail was opened "constantly," Owuor points to only two incidents, March 20, 2009 and March 23, 2009, in which his mail was delivered to him already opened.  At best, these two incidents demonstrate isolated incidents insufficient to establish a constitutional violation.  Owuor offers nothing except his hollow rhetoric and colorful hyperbole that the opening of his mail denied him access to the court. Moreover, he has utterly and completely failed to demonstrate that the defendants' actions resulted from improper motivation.   In light of the foregoing, the court concludes that the isolated opening of Owuor's mail by Bibb or another jail official does not rise to the level of a constitutional violation.[9]

---

[9] To the extent that Owuor complains that Bibb should not have opened mail that his family labeled as "important legal mail," he is entitled to no relief. The defendants assert that Owuor's mail was opened because it was from his family and not proper legal mail.  There is no evidence that the defendants' motives were improper.  Consequently, Owuor's claim likewise fails to rise to the level of a constitutional violation.

17

In his complaint, Owuor asserts that "[o]n numerous occasions, . . . Welch would come into my cell, delve into and take from my possession my legal documents, notes, writing material,. . ." (Doc. # 1 at 3).  In his  motion for summary judgment, Welch denies that he took any of Owuor's legal materials. (Doc. # 24, Ex. A).  This dispute is not material because Owuor has not presented any evidence, or even alleged, that Welch's  actions caused him  the type of actual injury contemplated in *Lewis*, *supra*, so as to establish a constitutional violation as a result of the alleged confiscation of his legal material.  *Bass v. Singletary*, 143 F.3d 1442, 1446 (11th Cir. 1998).  Owuor has  utterly and completely failed to come forward with any probative evidence that any seizure of any of his legal property deprived him of the *capability* of pursing non-frivolous legal claims before federal or state courts.  *Lewis*, 518 U.S. at 352-57. Owuor's self-serving rhetoric, with no attendant facts, is simply insufficient to defeat summary judgment.  Owuor offers no evidence, and he cannot rely on his own unsubstantiated opinion, that Welch's actions was somehow motivated by an improper motive.  "[U]nsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987).  *See e.g.*, *Carter v. Three Springs Residential Treatment*, 132 F.3d 635, 642 (11th Cir. 1998) (conclusory allegations without specific supporting facts have no probative value); *Bald Mountain Park, Ltd. v. Oliver*, 863 F.2d 1560, 1563 (11th Cir. 1989) ("Mere conclusions and unsupported factual allegations are legally insufficient to create a dispute to defeat summary judgment.").  The plaintiff cannot rest on conclusory allegations of a constitutional violation

to defeat summary judgment. *Anderson*, 477 U.S. at 252; *Waddell*, 276 F.3d at 1279 (conclusory allegations based solely on subjective beliefs are insufficient to oppose summary judgment). Owuor, therefore, has failed to establish the requisite injury, and the defendants are entitled to summary judgment on his access to courts claim. *Chandler, supra.*

**C. Deliberate Indifference/Failure to Protect Claims**.  Owuor also asserts that on June 28, 2008, jail officials were deliberately indifferent to his safety because correctional officer Knight opened the door to his cell block which allowed other inmates to steal his possessions and attack him while he slept.[10]  A prison official may be held liable under the eighth amendment for acting with "deliberate indifference" to inmate health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan*, 511 U.S. 825 (1994). "When officials become aware of a threat to an inmate's health and safety, the eighth amendment's proscription against cruel and unusual punishment imposes a duty to provide reasonable protection." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990).  *See also, Hopkins v. Britton*, 742 F.2d 1308, 1310 (11th Cir. 1984); *Gullatte v. Potts*, 654 F.2d 1007, 1012 (5th Cir. Unit B Aug. 1981).[11]  Merely negligent failure to protect an inmate from attack does not justify liability under section 1983, however. *Davidson v. Cannon*, 474 U.S. 344

---

[10]  Officer Knight is not a named defendant in this action.

[11]  *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

(1986).  Prison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended "evolving standards of decency," thereby rising to the level of a constitutional tort.  *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976); *Hopkins*, 742 F.2d at 1310.  The known risk of injury must be "'a strong likelihood, rather than a mere possibility'" before a guard's failure to act can constitute deliberate indifference. *Edwards v. Gilbert*, 867 F.2d 1271, 1276 (11th Cir. 1989).

The undisputed facts demonstrate that on June 23, 2008, officer Knight unlocked the metal door that divides cells to allow inmates to shower.  Knight then left the area for approximately four minutes.  When he returned, several inmates were in Owuor's cell.  It is also undisputed that Knight did not know that there were restrictions to keep Owuor separated from the other inmates.  Defendant Welch was not working at the time of this incident.

Owuor's claim fails for two reasons.  First, Owuor does not sue officer Knight; he sued officer Welch.  It is undisputed that Welch was not present during the incident.[12]  Thus, any claim against Welch is due to be dismissed.  Furthermore, Owuor does not assert that Knight knew about the inmates' intent to commit an assault against him, nor does he allege that Knight had a policy of unlocking the cell door to facilitate attacks by inmates.  Rather, Owuor alleges Welch placed him in the cell where other "jail officers had to have known that [Owuor] would be beaten by other inmates."  Beyond this conclusory and speculative

---

[12]  The plaintiff admits Welch "was off for the day."  (Doc. # 33. Pl's Resp at 38).

assertion, Owuor does not contend, nor does he present any evidence to suggest, that Knight knew or should have known that he was going to be subjected to an attack by other inmates. Thus, Owuor has failed to establish that Knight acted with deliberate indifference to his safety by unlocking the metal door to allow inmates to shower but also allowed inmates to enter Owuor's cell block.  Accordingly, the motion for summary judgment with respect to Owuor's deliberate indifference claims should be granted.

## IV.  CONCLUSION

Accordingly, it is the ORDERED and ADJUDGED that the defendants' motion for summary judgment be and is hereby GRANTED.

A separate judgment will issue.

Done this 1st day of October, 2012.


    /s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

21